IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PAUL BURNS,
    Petitioner,

vs.                                          Case No.: 3:19cv394/LAC/EMT

MARK S. INCH,
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

    This cause is before the court on a petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (ECF No. 1).  Respondent filed a motion to dismiss the petition for failure to exhaust state court remedies (ECF No. 14). Alternatively, Respondent asserts the court may stay this proceeding and hold it in abeyance if the court determines that Petitioner's petition contains both exhausted and unexhausted claims (*see id.*).  Petitioner filed a response requesting that the court stay this habeas proceeding and hold his § 2254 petition in abeyance, pursuant to *Rhines v. Weber*, 544 U.S. 269, 278 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) (ECF No. 16).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R.

Civ. P. 72(b). After careful consideration of all issues presented by the parties, it is the opinion of the undersigned that the habeas petition is a "mixed" petition, meaning it includes both exhausted and unexhausted claims, and it should be stayed, rather than dismissed, to enable Petitioner to exhaust his available state court remedies, pursuant to *Rhines*.

I.   BACKGROUND AND PROCEDURAL HISTORY[1]

Petitioner was charged in the Circuit Court in and for Walton County, Florida, Case No. 2011-CF-702 with one count of capital sexual battery (Ex. A at 16). A jury trial was held on August 6–7, 2012 (Ex. C). The jury found Petitioner guilty as charged (*see* Ex. A at 92, Ex. C at 298–99). At the conclusion of trial, the court designated Petitioner as a sexual predator and sentenced him to a term of natural life in prison (Ex. C at 301–02). The written judgment provided that Petitioner was ordered to serve a mandatory minimum term of 25 years (*see* Ex. A at 119–25); however, this was not part of the court's oral pronouncement of sentence (*see* Ex. C at 301–02).

On August 2, 2013, Petitioner filed a petition for belated appeal in the Florida First District Court of Appeal ("First DCA"), Case No. 1D13-3725 (Ex. E). The First DCA granted the petition on December 26, 2013 (Ex. F). *Burns v. State*, 128

---

[1] The facts included in this section are drawn from the state court record attached to Respondent's motion to dismiss (ECF No. 14).

So. 2d 943, 944 (Fla. 1st DCA 2013) (Mem). The mandate issued January 13, 2014 (Ex. G). Petitioner's appellate counsel filed an initial brief in Case No. 1D14-170 (Ex. H), and the State filed an answer brief (Ex. I). On June 30, 2015, the First DCA affirmed the judgment and sentence per curiam without written opinion (Ex. J). *Burns v. State* 171 So. 3d 703 (Fla. 1st DCA 2015) (Table). The mandate issued September 1, 2015 (Ex. M).

On February 19, 2016, Petitioner filed a petition for writ of habeas corpus in the First DCA, Case No. 1D16-0801, alleging ineffective assistance of appellate counsel (Ex. S). The First DCA denied the petition on the merits on July 10, 2018 (Ex. Y). *Burns v. State*, 248 So. 3d 1113 (Fla. 1st DCA 2018) (Table). On August 10, 2018, the First DCA denied Petitioner's motion for rehearing (Exs. Z, AA).

In the meantime, on July 21, 2016, Petitioner filed a motion to correct illegal sentence challenging the 25-year mandatory minimum, pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure (Ex. N). The State conceded that Petitioner was entitled to an amended judgment deleting the mandatory minimum 25-year requirement (Ex. P). On December 15, 2016, the state circuit court granted the Rule 3.800 motion, removed the 25-year mandatory, and directed the clerk of court to remove the provision from the judgment and sentence (Ex. Q). An amended judgment rendered December 20, 2016 (Ex. R).

n/a

On October 4, 2018, Petitioner filed a motion for post-conviction relief in the state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. BB). On October 30, 2018, the circuit court denied the motion as untimely (Ex. DD). Petitioner appealed the decision to the First DCA, Case No. 1D19-2220 (*see* Exs. GG, HH, II). The First DCA has not ruled on the appeal (*see* Ex. KK).

Petitioner commenced this federal habeas case on February 5, 2019, during the pendency of the post-conviction appeal (*see* ECF No. 1).

Respondent contends the habeas petition is premature, because the Rule 3.850 proceeding is still pending (*see* ECF No. 14). Respondent contends this federal habeas case should be dismissed without prejudice to enable Petitioner to satisfy the exhaustion requirement (*id.* at 7–8). Alternatively, Respondent asserts that if this court determines that the habeas petition is a "mixed" petition, the court may stay this proceeding and hold it in abeyance, pursuant to *Rhines* (*id.* at 8).

In Petitioner's response to the motion to dismiss, he requests the alternative disposition proposed by Respondent, i.e., that the court stay this proceeding and hold his habeas petition in abeyance if the court determines that his petition is a "mixed" petition (*see* ECF No. 16).

II.  DISCUSSION

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C.

Case No.:  3:19cv394/LAC/EMT

§ 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan*, 513 U.S. at 365–66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277–78.

If a petitioner fails to exhaust state remedies with respect to **all** of his habeas claims, a district court should dismiss the petition without prejudice to allow exhaustion. *See Rose v. Lundy*, 455 U.S. 509, 519–20, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) (emphasis added); *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010). In *Rhines*, the Supreme Court held that in the case of a "mixed" petition, i.e., a petition which includes both exhausted and unexhausted claims, the district court should stay the case and hold it in abeyance pending exhaustion in state court of the unexhausted claims. 544 U.S. at 275–76. A stay is appropriate only if (1) the petitioner had "good cause" for failing to exhaust a claim in state court, (2) the unexhausted claim is "potentially meritorious," and (3) "there is no indication the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 277–78. Alternatively, if a stay is deemed inappropriate, the district court must "allow the

Case No.: 3:19cv394/LAC/EMT

petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.* at 278.

Here, Petitioner's petition is a "mixed" petition. Petitioner asserts nine grounds for relief. Two of Petitioner's claims (Grounds One and Eight) are exhausted, because Petitioner presented Ground One on direct appeal and Ground Eight in his state habeas petition (alleging ineffective assistance of appellate counsel), and both of those proceedings have reached final disposition. Six of Petitioner's claims (Grounds Two, Three, Four, Five, Six, and Nine) are unexhausted, because Petitioner presented them in his Rule 3.850 motion, but that proceeding has not reached final disposition (the appeal is still pending in the First DCA). Petitioner's Ground Seven appears to be technically exhausted, because it is procedurally defaulted (it should have been presented on direct appeal but was not); nevertheless, Petitioner asserts he is entitled to federal review of the claim because the procedural default was caused by ineffective assistance of appellate counsel.

Having determined that the habeas petition is a "mixed" petition, and because the parties agree that a stay is appropriate in such circumstances, the undersigned recommends that this case be stayed, as opposed to dismissed, until all of Petitioner's federal habeas claims are exhausted in the state courts.

Accordingly it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 14) be **DENIED without prejudice**;

2. That this habeas case be **STAYED** and removed from the court's active docket until further order; and

3. That Petitioner be required to file a status report of his state post-conviction appeal every ninety (90) days, beginning on a date to be set by the District Judge.

At Pensacola, Florida, this 13th day of November 2019.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**